**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

JOHN PERACCHIO,

                         **Plaintiff,**

   vs.                                                       8:14-CV-00005
                                                               (MAD/CFH)

NATIONAL SPORTS ACADEMY,

                         **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**BRIGGS NORFOLK LLP**              **MATTHEW D. NORFOLK, ESQ.**
2296 Saranac Avenue                  **RONALD J. BRIGGS, ESQ.**
Lake Placid, New York 12946
Attorneys for Plaintiff

**MARINO PARTNERS LLP**           **UMAR A. SHEIKH, ESQ.**
15 Fisher Lane, Suite 200
White Plains, New York 10603
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On January 2, 2013, Defendant National Sports Academy ("NSA") removed this action to this Court asserting jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. *See* Dkt. No. 1 at 1–4. Presently before the Court is Plaintiff's motion to remand the action to state court and for attorneys' fees and costs. *See* Dkt. No. 5 at 1–2. Defendant has opposed the motion to remand and has filed a cross-motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 14 at 1–2.

## II. BACKGROUND

On November 13, 2013, Plaintiff commenced an action in New York State Supreme Court, Essex County with the filing of a Notice of Motion for Summary Judgment in Lieu of Complaint. *See* Dkt. No. 5-2 at 6. Plaintiff sought to recover the sum of $105,000, with interest, allegedly owed to Plaintiff based on a promissory note issued by Defendant NSA on January 15, 2013. *See id.* at 9.

Defendant NSA is a not-for-profit corporation duly organized and existing under the laws of the State of New York. *See* Dkt. No. 9 at ¶ 5. Defendant's principal place of business is in Lake Placid, New York. *See id.* at ¶ 7. In January of 2013, Plaintiff was appointed to the NSA's Board of Trustees and shortly thereafter loaned Defendant NSA $105,000. *See id.* at ¶¶ 11–12. In exchange for the loan, Defendant issued a promissory note to Plaintiff for the amount loaned. *See id.* at ¶ 8. The promissory note stated that Defendant "promises to pay to the order of [Plaintiff] . . . the principal sum of One Hundred Five Thousand Dollars . . . on January 14, 2015, unless prepaid or accelerated sooner." *See id.* at 6. In regard to acceleration, the note states:

> At the election of the holder of this Note, all payments due hereunder may be accelerated, and this Note shall become immediately due and payable without notice or demand, upon the occurrence of an Event of Default (defined below) which default, except as otherwise provide [sic] below, is not cured within sixty (60) days from the occurrence of such Event of Default.
>
> For purposes of this Note, "Events of Default" shall mean the occurrence of any of the following:
>
> > (a)  Lender ceases to be a trustee or is no longer on the board of trustees of Borrower[.]

*See id.* at 6–7.

The note also states in pertinent part:

> This note shall be construed without any regard to any presumption
> or rule requiring construction against the party causing such
> instrument or any portion thereof to be drafted.
>
> This note shall be governed by and construed in accordance with
> the laws of the State of New York without regard to choice of law
> considerations. Borrower hereby irrevocably consents to the
> jurisdiction of the courts of the State of New York and of any
> federal court located in such State in connection with any action or
> proceeding arising out of or relating to this Note.

*See id.* at 8.

On August 26, 2013, Plaintiff resigned from the Board of Trustees of Defendant NSA. *See id.* at ¶ 16. Plaintiff claimed that his resignation from the Board was an "Event of Default" causing the promissory note to become due and payable immediately. *See id.* at ¶ 20. After demanding payment in full under the promissory note, Plaintiff commenced this action in state court. On January 2, 2014, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* Dkt. No. 1 at 1. Plaintiff has now moved to remand the case to state court. *See* Dkt. No. 5 at 1–2. Defendant opposes this motion and has filed its own cross-motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 14 at 1–2.

### III. DISCUSSION

**A. Plaintiff's Motion to Remand**

Plaintiff contends that Defendant has consented to jurisdiction in New York State Supreme Court and has waived its right to remove the action to Federal Court based on the forum selection clause in the promissory note. *See* Dkt. No. 5-3 at 3. Specifically, Plaintiff points to the provision of the note which states that Defendant "irrevocably consents to the jurisdiction of the courts of the State of New York and of any federal court located in such state in connection with

3

any action or proceeding arising out of or relating to this Note." *See* Dkt. No. 5-1 at 8. Plaintiff argues that this provision "gives Plaintiff the right to select any forum to litigate and — *if Plaintiff chooses either New York state court or any federal court located in New York State as the forum to litigate* — the clause restricts NSA to such forum that Plaintiff chooses to commence litigation." *See* Dkt. No. 5-3 at 11.

Defendant does not challenge the enforceability of the forum selection clause contained in the note. Defendant argues, however, that the provision only limits its ability to attempt to adjudicate the case outside of the courts located within New York State, be it state or federal court. *See* Dkt. No. 14-1 at 5. Defendant maintains that the provision does not constitute a waiver of the right of removal. *See id.*

On a motion to remand, "'the defendant bears the burden of demonstrating the propriety of removal.'" *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (quoting *Grimo v. Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)). In some instances, "a forum selection clause may act as a waiver of defendant's right to remove an action to federal court." *John's Insulation, Inc. v. Siska Constr. Co.*, 671 F.Supp. 289, 294 (S.D.N.Y. 1987). However, a waiver of a defendant's right of removal "must be clear and unequivocal." *Id.* In the present case, the Court finds that the forum selection clause does not constitute a "clear and unequivocal" waiver of Defendant's right to remove.

In *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, the parties disputed the effect of a forum selection clause nearly identical to the provision at issue in this case. *See JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389 (S.D.N.Y. 2009). In that case, the forum selection clause stated as follows:

> The Borrower hereby irrevocably submits to the jurisdiction of any
> New York state or United States federal court sitting in New York

4

> City over any action or proceeding arising out of this Note, and the
> Borrower hereby irrevocably agrees that all claims in respect of
> such action or proceeding may be held and determined in such New
> York state or federal court.

*Id.* at 390.

Despite the plaintiff's argument that the clause constituted the defendants' irrevocable consent to jurisdiction to the plaintiff's choice of state or federal court in New York City, the court determined that it could not "find that this forum selection clause constitutes a waiver of Defendants' right to removal." *Id.* at 391. The court went on to state that "a forum selection clause that permits an action in either state or federal court and in which a party 'irrevocably submits' to the jurisdiction of either court is a permissive clause permitting jurisdiction in either forum." *Id.* (citing *GMAC Commercial Mortgage Corp. v. LaSalle*, 242 F. Supp. 2d 279, 283 (S.D.N.Y. 2002)).

In the present matter, as in *Reijtenbagh*, the language of the forum selection clause does not clearly give Plaintiff the exclusive right to select a forum and does not clearly constitute a waiver of Defendant's right of removal. Therefore, Plaintiff's motion to remand this action to state court is denied.

**B.    Plaintiff's Motion for Costs**

Plaintiff has also moved to recover costs, attorney's fees and sanctions. 28 U.S.C. § 1447(C) states that an "order remanding the case may require the payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Assessment of costs and fees against the removing defendants is within the court's discretion and does not require a finding of bad faith or frivolity. *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir. 1992).

5

Since the Court has denied Plaintiff's motion to remand, Plaintiff's motion for costs, attorneys' fees, and sanctions is denied as well.

**C.     Defendant's Cross-Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

6

(citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Defendant contends that a lender cannot unilaterally create a default as a matter of law, and therefore dismissal is proper. *See* Dkt. No. 14-1 at 7. Defendant cites no authority to support this proposition, however, and the Court was unable to find any authority that would support dismissal at this early stage.

"Agreements providing for the acceleration of the entire debt upon the default of the obligor are often enforced in accordance with their terms[,] . . ., but where the breach asserted as the basis for the acceleration is trivial or inconsequential, the forfeiture may be viewed as an unconscionable penalty and equitable principles come into play[.]" *Tunnell Pub. Co., Inc. v. Straus Commc'ns*, 169 A.D.2d 1031, 1032 (3d Dep't 1991) (citing *First Natl. Stores v. Yellowstone Shopping Center*, 21 N.Y.2d 630, 638, 290 N.Y.S.2d 721, 237 N.E.2d 868 (1968); *Fifty States Mgt. Corp. v. Pioneer Auto Parks*, 46 N.Y.2d 573, 577, 415 N.Y.S.2d 800, 389 N.E.2d 113 (1979)). "Each case must be decided on its own particular facts[.]" *Id.* (citing *Home Sav. Bank of Upstate N.Y. v. Baer Props.*, 92 A.D.2d 98, 100, 460 N.Y.S.2d 833 (3d Dep't 1983)).

The note clearly and unambiguously states that Plaintiff ceasing to be a member of Defendant NSA's Board of Trustees is an event of default, triggering acceleration of the repayment on the loan. *See* Dkt. No. 9 at 7. While Defendant argues that the Court should look at the circumstances surrounding the agreement, the facts currently before the Court are

7

insufficient to show that the parties intended the provision to mean anything other than its plain meaning. Although Defendant may be able to establish that application of the acceleration clause would be an unconscionable penalty necessitating the application of equitable principles, such a decision is not appropriate based upon the pleadings alone.

Based on the foregoing, the Court finds that Plaintiff's claim for relief is legally sufficient to withstand a motion to dismiss under Rule 12(b)(6). Therefore, Defendant's cross-motion to dismiss is denied.

### IV. CONCLUSION

After carefully reviewing the entre record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERED** that Plaintiff's motion to remand this matter to state court is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motions for attorneys' fees and costs is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 2, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge